1   Jeffrey M. Cohon (California State Bar No. 131431)
    **GARRELL COHON KENNEDY, LLP**
2   550 S. Hope Street, Suite 460
    Los Angeles, California 90071
3   Tel: (213) 647-0730 ‖ Fax: (213) 647-0732
    Email: jcohon@gckllp.com
4
    *Attorneys for Defendants*
5   CANNON COCHRAN MANAGEMENT SERVICES, INC.
    and AMERICAN ZURICH INSURANCE COMPANY
6

7

8                **UNITED STATES DISTRICT COURT**

9              **NORTHERN DISTRICT OF CALIFORNIA**

10                    **OAKLAND DIVISION**

11

12  JOSEPH     CHRISTOPHER     BARBOUR,    Case No.
    individually  and  on  behalf  of  others  similarly
13  situated,                               **CLASS ACTION**

14              Plaintiff,                   **NOTICE  OF  REMOVAL  OF  CIVIL
                                             ACTION  TO  THE  UNITED  STATES
15         vs.                               DISTRICT COURT**

16  CANNON      COCHRAN      MANAGEMENT
    SERVICES,  INC.,  a  Delaware  corporation;
17  AMERICAN      ZURICH      INSURANCE
    COMPANY, an Illinois corporation; and DOES 1
18  through 50, inclusive,

19              Defendants.

20

21

22

23

24

25

26

27

28

                                    1
                        **NOTICE OF REMOVAL**

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. § 1332(d), defendants CANNON COCHRAN MANAGEMENT SERVICES, INC. and AMERICAN ZURICH INSURANCE COMPANY (collectively "Defendants") hereby remove this civil action from the Superior Court of the State of California for the County of Contra Costa to the United States District Court for the Northern District of California. In accordance with 28 U.S.C. § 1446(a), set forth below is a statement of the grounds for removal.

## I.    FILING AND SERVICE OF THE COMPLAINT.

1.    On February 11, 2025, plaintiff JOSEPH CHRISTOPHER BARBOUR ("Plaintiff") commenced an action in the Superior Court of the State of California for the County of Contra Costa, Case Number C25-00410, by filing a wage and hour class action Complaint entitled "JOSEPH CHRISTOPHER BARBOUR v. CANNON COCHRAN MANAGEMENT SERVICES, INC.; a Delaware Corporation; AMERICAN ZURICH INSURANCE COMPANY, an Illinois corporation; and DOES 1 through 50, inclusive." (hereinafter "State Court Action.")

2.    On February 20, 2024, the registered agent for service of process – CT Corporation – for Defendant Cannon Cochran Management Services, Inc. ("CCMSI") received a copy of the Plaintiff's Summons and Complaint in the State Court Action. Attached as **Exhibit A** is a true and correct copy of the proof of service showing service of process on CCMSI.

3.    On February 20, 2024, the registered agent for service of process – CSC – for Defendant American Zurich Insurance Company ("CCMSI") received a copy of the Plaintiff's Summons and Complaint in the State Court Action. Attached as **Exhibit B** is a true and correct copy of the proof of service showing service of process on American Zurich Insurance Company.

4.    On Monday, March 24, 2024, Defendants CCMSI and American Zurich Insurance Company filed an Answer to the Complaint. Attached as **Exhibit C** are true and correct copies of the Summons and Complaint, Answer to Complaint and all other pleadings filed in the State Court Action.

5.    All Defendants consent to removal of the State Court Action.

1  **II.    REMOVAL IS PROPER BASED UPON THE CLASS ACTION FAIRNESS ACT.**

2      6.      The Class Action Fairness Act ("CAFA") grants federal courts jurisdiction if (1) the

3  aggregate amount in controversy exceeds $5,000,000, (2) there are at least 100 class members, and

4  (3) at least one plaintiff is diverse from any one defendant.  28 U.S.C. § 1332(d)(2).

5      7.      "The Eleventh Circuit found, and we agree, that 'CAFA's language favors federal

6  jurisdiction over class actions.'" *Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111, 1116 (9th Cir.

7  2015).

8          **A.  At Least One Plaintiff Is Diverse From Any One Defendant**.

9      8.      **Plaintiff's Citizenship**. Defendants are informed and believe, and thereon allege, that

10  at the commencement of the State Court Action, and at all times relevant herein, Plaintiff was and is

11  a citizen of the State of Texas, residing in Smith County, Texas. ("Plaintiff JOSEPH CHRISTOPHER

12  BARBOUR is an individual residing in the County of Smith, State of Texas." (Complaint, ¶ 6).

13      9.      **Citizenship of Defendant CCMSI**.  At the commencement of the State Court Action,

14  and at all times relevant herein, Defendant CCMSI was not and is not a citizen of the State of

15  California, and its principal place of business is not in California. Plaintiff correctly alleges that

16  Defendant CCMSI is a Delaware corporation. (Complaint ¶ 7.) CCMSI's principal place of business

17  is at 23 East Main Street Towne Center Building, Danville, Illinois 61832.

18      10.      **Citizenship of Defendant American Zurich Insurance Company**. At the

19  commencement of the State Court Action, and at all times relevant herein, Defendant American

20  Zurich Insurance Company was not and is not a citizen of the State of California, and its principal

21  place of business is not in California. Plaintiff correctly alleges that Defendant American Zurich

22  Insurance Company is an Illinois corporation. (Complaint ¶ 8.) Defendant American Zurich

23  Insurance Company's principal place of business is 1299 Zurich Way, Schaumburg, Illinois 60196.

24      11.      Defendants CCMSI and American Zurich Insurance Company are not residents of

25  California for purposes of diversity of citizenship. *See, Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1184-

26  1185 (2010).

27      12.      "For diversity purposes, a corporation is deemed to be a citizen of the state(s) in which

28  it was incorporated and in which the corporation has its principal place of business. 28 U.S.C. §

1332(c)(1). A corporation's principal place of business is defined as the place 'where a corporation's officers direct, control, and coordinate the corporation's activities,' i.e. 'the corporation's "nerve center." ' *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010); *see also Harris v. Rand*, 682 F.3d 846, 851 (9th Cir. 2012) ('[A] principal place of business "should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination...') (quoting *Hertz*, 559 U.S. at 92). *Sanchez v. Elevance Health Companies, Inc.*, No. 2:23-CV-05906-WLH-AS, 2023 WL 8235238, at *2 (C.D. Cal. Nov. 27, 2023)

13.    Defendant CCMSI is now, and at all times mentioned in the Complaint was, a corporation registered in the State of Illinois with its principal office located at 2 East Main Street, Danville, Illinois 61832. (**Exhibit D**.) On December 22, 2024, Defendant CCMSI filed with the California Secretary of State its updated Statement of Information as a foreign corporation reaffirming its status as a Delaware Corporation with its principal executive office in Danville, Illinois. (**Exhibit D**.)

14.    Defendant American Zurich Insurance Company is now, and at all times mentioned in the Complaint was, a corporation registered in the State of Illinois with its principal office located at Schaumburg Illinois. (**Exhibit E**.) On January 7, 2025, Defendant American Zurich Insurance Company filed with the California Secretary of State its updated Statement of Information as a foreign corporation reaffirming its status as an Illinois Corporation with its principal executive office in Schaumburg, Illinois. (**Exhibit E**.)

15.    The Complaint also names Doe Defendants "1 through 50." (Complaint ¶ 9.)  For purposes of removal, however, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Therefore, the inclusion of "Doe" defendants in the state court Complaint has no effect on removability. In determining whether diversity of citizenship exists, only the named defendants are considered. *See, Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-691 (9th Cir. 1998); *see also, Olive v. Gen. Nutrition Ctrs., Inc.*, No. 2:12-cv04297-ODW, 2012 WL 2006389, at *1 (C.D. Cal. June 5, 2012); *Marsikyan v. Porsche Cars N. Am., Inc.*, No. CV 11-09411 SJO, 2012 WL 280585, at *2 (C.D. Cal. Jan. 30, 2012).

16.    The minimal diversity requirement has been met.

1

**B.  <u>There Are Over 100 Potential Class Members</u>**

2      17.    Plaintiff defines the potential class to include "all current and former non-exempt

3   employees and employees that were misclassified as exempt employees including, but not limited to,

4   employees who worked in the position of workers' compensation claims specialist that worked for

5   Defendant within the State of California at any time commencing four (4) years preceding the filing

6   of Plaintiff's complaint up until the time that notice of the certified Class action is provided to the

7   Class." (Complaint, ¶ 13.)

8      18.    CCMSI has offices and employees throughout the United States, including Alabama,

9   Arkansas, Arizona, California, Colorado, Florida, Iowa, Illinois, Kansas, Kentucky, Louisiana,

10  Massachusetts, Maine, Michigan, Minnesota, Missouri, New Hampshire, New Jersey, New Mexico,

11  Nevada, Ohio, Oregon, Tennessee, and Texas.  CCMSI has two offices in California, one in Concord

12  and one in Irvine.

13     19.    Plaintiff was never an employee of American Zurich Insurance Company. American

14  Zurich Insurance Company has no employment documents relating to Plaintiff, including job

15  applications or payroll records. Plaintiff has improperly named American Zurich Insurance

16  Company.  Accordingly, Defendant American Zurich Insurance Company will be taking immediate

17  and early steps to seek dismissal of Plaintiff's claims against American Zurich Insurance Company.

18     20.    Although Plaintiff alleges that "the Class is estimated to be over fifty (50)

19  individuals," Defendants state that based upon the Plaintiff's definition of the proposed class, there

20  are over 100 persons who meet that definition.  28 U.S.C. § 1332(d)(5)(B).

21

**C.  <u>The Amount in Controversy Exceeds $5,000,000.</u>**

22     21.    "[N]o antiremoval presumption attends cases invoking CAFA." *Dart Cherokee Basin*

23  *Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 554, 190 L.Ed.2d 495 (2014). Because

24  some remnants of our former antiremoval presumption seem to persist, we reaffirm three principles

25  that apply in CAFA removal cases. First, a removing defendant's notice of removal 'need not contain

26  evidentiary submissions' but only plausible allegations of the jurisdictional elements. *Ibarra v.*

27  *Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). Second, when a defendant's

28  allegations of removal jurisdiction are challenged, the defendant's showing on the amount in

1    controversy may rely on reasonable assumptions. *See id*. at 1197–99. Third, when a statute or contract

2    provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the

3    assessment of the amount in controversy. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785,

4    794 (9th Cir. 2018)." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019).

5    22.    CAFA confers jurisdiction to the United States district courts over class actions "in

6    which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and

7    costs[.]" 28 U.S.C. § 1332(d)(2). To determine whether the matter in controversy exceeds CAFA's

8    $5,000,000 threshold, "the claims of the individual class members shall be aggregated[.]" 28 U.S.C.

9    § 1332(d)(6).

10    23.    The Ninth Circuit "has defined the amount in controversy as simply 'the amount at

11    stake in the underlying litigation ....' *Theis Rsch., Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir.

12    2005). Importantly, that '[a]mount at stake does not mean likely or probable liability; rather, it refers

13    to *possible* liability.' *Greene v. Harley-Davidson, Inc*., 965 F.3d 767, 772 (9th Cir. 2020) (emphasis

14    added); *see also Lewis*, 627 F.3d at 400 (noting that the amount in controversy is 'an estimate of the

15    amount that will be put at issue in the course of the litigation' (citing *McPhail v. Deere & Co*., 529

16    F.3d 947, 956 (10th Cir. 2008)))." *Jauregui v. Roadrunner Transportation Servs., Inc*., 28 F.4th 989,

17    994 (9th Cir. 2022).

18    24.    Plaintiff does not allege an amount in controversy. Plaintiff alleges only that "the

19    monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdiction limits of the

20    Superior Court." (Complaint, ¶ 2.) Therefore, the only reference in the Complaint to an amount of

21    damages is the $35,000 which a claim must exceed to meet the subject matter jurisdiction required

22    to file an unlimited civil action in the Superior Court of California.

23    25.    Plaintiff alleges that he and the members of the class have been damaged by virtue of

24    CCMSI's failure to pay overtime, provide meal and rest periods, failure to pay the minimum wage,

25    failure to timely pay wages, failure to pay wages during employment, failure to provide accurate

26    wage statements, failure to pay accrued vacation benefits, and the derivative unfair competition claim

27    under Business & Professions Code section 17200.

28

26.     Plaintiff alleges that every member of the putative class suffered the foregoing damages for every "time period involved in this case." (Complaint, ¶s 24 through 43.)  Plaintiff's statutory claims for unpaid wages and penalties looks back three years and his claim for unpaid wages can reach back one more year (for a total of four years). Defendants vigorously dispute Plaintiff's claims of liability, and nothing in this Notice should be construed as an admission against Defendants.

27.     Moreover, Plaintiff seeks attorney's fees. (Complaint, ¶s 53, 77, 101 and Prayer for Relief ¶s 8, 15, 27, 45, and 50.) If attorneys' fees are sought by Plaintiff, the fee claim would be included in determining the amount in controversy. *Goldberg v.CPC Int'l., Inc*., 678 F.2d 1365 (9th Cir. 1982), cert. denied 495 U.S. 945 (1982); see also, *Rippee, supra*., 408 F. Supp. 2d at 984.

28.     In this case, considering Plaintiff's claims for unpaid wages and penalties for a class of more than 100 persons, together with a demand for attorney's fees, it is facially apparent from Plaintiff's Complaint that, in the aggregate, Plaintiff's claims plausibly that the "amount at stake" exceeds $5,000,000.

23. Accordingly, the United States District Court for the Northern District of California has original jurisdiction under 28 U.S.C. Section 1332(d).

## III.     THIS NOTICE OF REMOVAL IS TIMELY AND PROPERLY FILED.

24.     The filing of this Notice of Removal is filed within the time period required under 28 U.S.C. § 1446(a) as it was filed within 30 days after service of process on Defendants.

25. Defendant will give written notice of the filing of this Notice of Removal to all adverse parties as required by 28 U.S.C. § 1446(d) and will file a copy of this Notice of Removal with the Superior Court of California, Contra Costa County, as further required by that Section.

26. Venue is proper in this Court because the action is being removed from the Superior Court in the County of Contra Costa, and because Plaintiff alleges that the conduct which gives rise to his class action Complaint took place in Contra Costa County, California. (Complaint ¶ 10.)

27. The undersigned counsel for Defendants has read the foregoing and signs the Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

28. WHEREFORE, Defendants CANNON COCHRAN MANAGEMENT SERVICES, INC. and AMERICAN ZURICH INSURANCE COMPANY, pray that the above action now pending against it in the Contra Costa County Superior Court be removed to this Court.

Respectfully submitted,

DATED: March 24, 2025                    **GARRELL COHON KENNEDY, LLP**

By: _____
                                    JEFFREY M. COHON
Attorneys for Defendants
CANNON COCHRAN MANAGEMENT
SERVICES, INC. and AMERICAN ZURICH
INSURANCE COMPANY

**NOTICE OF REMOVAL**

# EXHIBIT A

POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Brendan Joseph Burton (SBN 323495)<br>Protection Law Group<br>149 Sheldon St  El Segundo, CA 902453916<br><br>TELEPHONE NO.: (844) 294-3095 | FAX NO.: | E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Plaintiff: JOSEPH CHRISTOPHER BARBOUR | FOR COURT USE ONLY<br><br>Electronically Filed by<br>Superior Court of California<br>County of Contra Costa<br>2/21/2025 8:56 AM<br>By: A. Stewart, Deputy |

**CONTRA COSTA SUPERIOR COURT**

STREET ADDRESS: 725 COURT STREET

MAILING ADDRESS:

CITY AND ZIP CODE: MARTINEZ, CA 94553

BRANCH NAME:

| | |
|---|---|
| PLAINTIFF:  JOSEPH CHRISTOPHER BARBOUR<br><br>DEFENDANT:  CANNON COCHRAN MANAGEMENT SERVICES, INC., et al. | CASE NUMBER:<br>C25-00410 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>Barbour v Cannon (180832) |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet  *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents):*  **PLAINTIFF JOSEPH CHRISTOPHER BARBOUR'S NOTICE OF POSTING JURY FEES; NOTICE OF ASSIGNMENT TO DEPARTMENT 39 FOR CASE MANAGEMENT DETERMINATION; BLANK CASE MANAGEMENT STATEMENT**

3. a.  Party served *(specify name of party as shown on documents served)*:
   **CANNON COCHRAN MANAGEMENT SERVICES, INC., a Delaware corporation**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   **Jackie M. on behalf of C T CORPORATION SYSTEM - AGENT FOR SERVICE OF PROCESS**

4. Address where the party was served:  **330 N Brand Blvd Ste 700**
   **Glendale, CA 91203-2336**

5. I served the party *(check proper box)*
   a. ☑ **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **2/20/2025**    (2) at *(time):* **11:30 AM**
   **Age: 31 Weight: 170 Hair: Black Sex: Female Height: 5'6" Eyes: Brown Race: Hispanic**

   b. ☐ **by substituted service.** On *(date):*  at  *(time):*  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b)*:

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.  I informed him of her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party.  I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him of her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):*    from *(city):*                         **or** ☐  a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Form Approved for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

POS010-1/1477317

Processed by Court on 2/27/2025 8:11 AM

PETITIONER: JOSEPH CHRISTOPHER BARBOUR

RESPONDENT: CANNON COCHRAN MANAGEMENT SERVICES, INC., et al.

CASE NUMBER:
C25-00410

c. ☐  **by mail and acknowledgment of receipt of service.**  I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):*                    (2) from *(city):*

(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐  as an individual defendant.

b. ☐  as the person sued under the fictitious name of *(specify):*

c. ☐  as occupant.

d. ☑  On behalf of:  **CANNON COCHRAN MANAGEMENT SERVICES, INC., a Delaware corporation**
under the following Code of Civil Procedure section:

| | |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**

a. Name:  **Roberto Ascorra - Steno Agency, Inc.**

b. Address:  **315 West 9th Street  Los Angeles, CA 90015**

c. Telephone number:  **(213) 516-4166**

d. **The fee** for service was: $

e. I am:

(1) ☐  not a registered California process server.

(2) ☐  exempt from registration under Business and Professions Code section 22350(b).

(3) ☑  registered California process server:

(i) ☐ owner  ☐ employee  ☑ independent contractor.

(ii) Registration No.: **2023001643**

(iii) County: **Los Angeles**

8. ☑  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **2/20/2025**

**Steno Agency, Inc.**
**315 West 9th Street**
**Los Angeles, CA 90015**
**(213) 516-4166**
**www.steno.com**

_____
**Roberto Ascorra**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶  *(signature)*

EXHIBIT B

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Brendan Joseph Burton (SBN 323495)<br>Protection Law Group<br>149 Sheldon St  El Segundo, CA 902453916<br><br>TELEPHONE NO.: (844) 294-3095 \| FAX NO. \| E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Plaintiff: JOSEPH CHRISTOPHER BARBOUR | *FOR COURT USE ONLY* |

| |
|---|
| **CONTRA COSTA SUPERIOR COURT** |
| STREET ADDRESS: 725 COURT STREET |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: MARTINEZ, CA 94553 |
| BRANCH NAME: |

Electronically Filed by
Superior Court of California
County of Contra Costa
2/21/2025 2:57 PM
By: A. Stewart, Deputy

| | |
|---|---|
| PLAINTIFF:  JOSEPH CHRISTOPHER BARBOUR | CASE NUMBER: |
| DEFENDANT:  CANNON COCHRAN MANAGEMENT SERVICES, INC., et al. | C25-00410 |

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>Barbour v Cannon (180832) |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. ☑ Summons
   b. ☑ Complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet  *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents):*  **PLAINTIFF JOSEPH CHRISTOPHER BARBOUR'S NOTICE OF POSTING JURY FEES; NOTICE OF ASSIGNMENT TO DEPARTMENT 39 FOR CASE MANAGEMENT DETERMINATION; BLANK CASE MANAGEMENT STATEMENT**

3. a.  Party served *(specify name of party as shown on documents served):*
      **AMERICAN ZURICH INSURANCE COMPANY, an Illinois corporation**

   b. ☑  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      **CRYSTAL COLLINS ON BEHALF OF CSC - LAWYERS INCORPORATING SERVICE - AGENT FOR SERVICE OF PROCESS**

4. Address where the party was served:  **2710 Gateway Oaks Dr Ste 150N**
   **Sacramento, CA 95833-3502**

5. I served the party (check proper box)

   a. ☑  **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **2/20/2025**    (2) at *(time):* **1:56 PM**
      **Age: 31-35 Weight: 141-160 Hair: BLACK Sex: Female Height: 5'1-5'6 Eyes:  Race: LATINO**

   b. ☐  **by substituted service.** On *(date):*  at  *(time):*  I left the documents listed in item 2 with or
      in the presence of *(name and title or relationship to person indicated in item 3b):*

      (1) ☐  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.  I informed him of her of the general nature of the papers.

      (2) ☐  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party.  I informed him or her of the general nature of the papers.

      (3) ☐  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him of her of the general nature of the papers.

      (4) ☐  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on
         *(date):*  from *(city):*                          **or** ☐ a declaration of mailing is attached.

      (5) ☐  I attach a  **declaration of diligence** stating actions taken first to attempt personal service.

| | | |
|---|---|---|
| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>POS010-1/1477325 |

PETITIONER: JOSEPH CHRISTOPHER BARBOUR

RESPONDENT: CANNON COCHRAN MANAGEMENT SERVICES, INC., et al.

CASE NUMBER:
C25-00410

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):*                                                 (2) from *(city):*

(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.*) (Code Civ. Proc., § 415.30.)*

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of: **AMERICAN ZURICH INSURANCE COMPANY, an Illinois corporation**

under the following Code of Civil Procedure section:

☑ 416.10 (corporation)                    ☐ 415.95 (business organization, form unknown)
☐ 416.20 (defunct corporation)            ☐ 416.60 (minor)
☐ 416.30 (joint stock company/association) ☐ 416.70 (ward or conservatee)
☐ 416.40 (association or partnership)      ☐ 416.90 (authorized person)
☐ 416.50 (public entity)                  ☐ 415.46 (occupant)
                                          ☐ other:

7. **Person who served papers**

a. Name: **Ritong Kylee Iechad - Steno Agency, Inc.**

b. Address: **315 West 9th Street  Los Angeles, CA 90015**

c. Telephone number: **(213) 516-4166**

d. **The fee** for service was: $

e. I am:

(1) ☐ not a registered California process server.

(2) ☐ exempt from registration under Business and Professions Code section 22350(b).

(3) ☑ registered California process server:

(i) ☐ owner  ☐ employee  ☑ independent contractor.

(ii) Registration No.: **150**

(iii) County: **Sutter**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **2/21/2025**

**Steno Agency, Inc.**
**315 West 9th Street**
**Los Angeles, CA 90015**
**(213) 516-4166**
**www.steno.com**

_____
**Ritong Kylee Iechad**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶

POS-010 [Rev January 1, 2007]                    **PROOF OF SERVICE OF SUMMONS**

Page 2 of 2
POS-010/1477325

# EXHIBIT C

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>CANNON COCHRAN MANAGEMENT SERVICES, INC., a<br>Delaware corporation; Additional Parties Attachment for is attached.<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>JOSEPH CHRISTOPHER BARBOUR, individually and on behalf of<br>others similarly situated, | ***FOR COURT USE ONLY***<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of Contra Costa County | CASE NUMBER:<br>*(Número del Caso):* **C25-00410** |

Wakefield Taylor Courthouse
725 Court Street, Martinez, CA 94553

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Brendan J. Burton Protection Law Group, LLP, 149 Sheldon Street, El Segundo, CA 90245; (424) 290-3095

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* | 2/11/2025 11:35 AM | Clerk, by _____ /s/ C. Jacala | , Deputy<br>*(Adjunto)* |
| | | *(Secretario)* | |

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Joseph Christopher Barbour v. Cannon Cochran Management Service, INC, et al. | |

**INSTRUCTIONS FOR USE**

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff     ☒ Defendant     ☐ Cross-Complainant     ☐ Cross-Defendant

AMERICAN ZURICH INSURANCE COMPANY, an Illinois corporation; and DOES 1 through 50, inclusive,

Page _____ of _____

**Page 1 of 1**

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

BRENDAN J. BURTON, SBN 323495
brendan@protectionlawgroup.com
SHADI SAHEBGHALAM, SBN 343403
shadi@protectionlawgroup.com
**PROTECTION LAW GROUP, LLP**
149 Sheldon Street
El Segundo, California 90245
Telephone: (424) 290-3095
Facsimile: (866) 264-7880

Per local Rule, This case is assigned to
Judge Weil, Edward G, for all purposes.

*Attorneys for* Plaintiff
JOSEPH CHRISTOPHER BARBOUR

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF CONTRA COSTA

| | |
|---|---|
| JOSEPH CHRISTOPHER BARBOUR, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CANNON COCHRAN MANAGEMENT SERVICES, INC., a Delaware corporation; AMERICAN ZURICH INSURANCE COMPANY, an Illinois corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: C25-00410<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR TRIAL BY JURY**<br><br>**(1) Violation of Cal. Labor Code §§ 510 and 1198 (Unpaid Overtime)**<br>**(2) Violation of Cal. Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums)**<br>**(3) Violation of Cal. Labor Code § 226.7 (Unpaid Rest Period Premiums)**<br>**(4) Violation of Cal. Labor Code §§ 1194, 1197, and 1197.1 (Unpaid Minimum Wages)**<br>**(5) Violation of Cal. Labor Code §§ 201, 202, and 203 (Final Wages Not Timely Paid)**<br>**(6) Violation of Cal. Labor Code §§ 204 and 210 (Wages Not Timely Paid During Employment)**<br>**(7) Violation of Cal. Labor Code § 226(a) (Failure to Provide Accurate Wage Statements)**<br>**(8) Violation of Cal. Labor Code § 227.3 (Failure to Pay Accrued Vacation)**<br>**(9) Violation of Cal. Business & Professions Code § 17200, et seq.** |

Plaintiff JOSEPH CHRISTOPHER BARBOUR ("Plaintiff"), individually and on behalf of other members of the general public similarly situated, based upon facts that either have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, alleges as follows:

## JURISDICTION AND VENUE

1.      Plaintiff brings this Action against Defendants CANNON COCHRAN MANAGEMENT SERVICES, INC., AMERICAN ZURICH INSURANCE COMPANY and DOES 1 THROUGH 50 (hereinafter also collectively referred to as "Defendants") for California Labor Code violations, unfair business practices, and civil penalties stemming from Defendants' failure to pay overtime compensation, failure to provide meal periods, failure to authorize and permit rest periods, failure to pay minimum wage, failure to timely pay wages, failure to provide accurate wage statements, failure to maintain accurate time and payroll records, and failure to pay accrued but unused vacation time.

2.      Plaintiff's First through Ninth Causes of Action are brought as a class action on behalf of himself and similarly situated current and former employees of Defendants (hereinafter collectively referred to as the "Class" or "Class Members," as defined more fully in paragraph 13, below) pursuant to California Code of Civil Procedure section 382. The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.

3.      The Court has jurisdiction over this Action pursuant to the California Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in all other causes" except those given by statute to other courts. The statutes under which this Action is brought do not specify any other basis for jurisdiction.

4.      This Court has jurisdiction over Defendants because, upon information and belief, Defendants are citizens of California, have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and

1  substantial justice.

2      5.      Venue is proper in this Court because, upon information and belief, Defendants

3  maintain offices, have agents, and/or transact business in the State of California, County of Contra

4  Costa.

5                                  **PARTIES**

6      6.      Plaintiff JOSEPH CHRISTOPHER BARBOUR is an individual residing in the

7  County of Smith, State of Texas.

8      7.      Defendant CANNON COCHRAN MANAGEMENT SERVICES, INC. is, and at

9  all times herein mentioned was, a corporation organized and existing under the laws of the State

10 of Delaware and registered to do business in the State of California.

11     8.      Defendant AMERICAN ZURICH INSURANCE COMPANY is, and at all times

12 herein mentioned was, a corporation organized and existing under the laws of the State of Illinois

13 and registered to do business in the State of California.

14     9.      Plaintiff is ignorant of the identities of defendants Does 1 through 50, inclusive,

15 and therefore sues these defendants by such fictitious names. The Doe defendants may be

16 individuals, partnerships, or corporations. Plaintiff is informed and believes, and thereon alleges,

17 that, at all times mentioned herein, each of the Doe defendants was the parent, subsidiary, agent,

18 servant, employee, co-venturer, and/or co-conspirator of each of the other defendants, and was at

19 all times mentioned acting within the scope, purpose, consent, knowledge, ratification and

20 authorization of such agency, employment, joint venture and conspiracy. Plaintiff will amend this

21 Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and

22 believes and thereon alleges that each of the fictitiously named Doe defendants is responsible in

23 some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged

24 were proximately caused by its conduct. CANNON COCHRAN MANAGEMENT SERVICES,

25 INC., AMERICAN ZURICH INSURANCE COMPANY and Doe Defendants 1 through 50 are

26 collectively referred to herein as "Defendants".

27     10.     Defendants are, and at all times herein mentioned were, (a) conducting business

28

in the County of Contra Costa, State of California, and (b) the employer of Plaintiff consistent with the California Labor Code and Industrial Welfare Commission Wage Orders ("Wage Orders").

11.     Plaintiff further alleges that Defendants, directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiff and the Class so as to make each of said Defendants employers and employers jointly liable under the statutory provisions set forth herein.

## CLASS ACTION ALLEGATIONS

12.     Plaintiff brings the First through Ninth Causes of Action as a class action on his own behalf and on behalf of all other members of the general public similarly situated, and, thus, seeks class certification under Code of Civil Procedure section 382.

13.     The proposed class is defined as follows: All current and former non-exempt employees and employees that were misclassified as exempt employees including, but not limited to, employees who worked in the position of workers' compensation claims specialist that worked for Defendant within the state of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the certified Class action is provided to the Class (hereinafter referred to as the "Class" or "Class Members").

14.     Plaintiff reserves the right to establish other subclasses as appropriate.

15.     The Class is ascertainable and there is a well-defined community of interest in the litigation:

    a.  Numerosity: The Class Members are so numerous that joinder of all Class Members is impracticable. The membership of the entire Class is unknown to Plaintiff at this time; however, the Class is estimated to be over fifty (50) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

    b.  Typicality: Plaintiff's claims are typical of all other Class Members demonstrated herein. Plaintiff will fairly and adequately protect the interests of the other Class

Members with whom he has a well-defined community of interest.

    c.   <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of each Class Member, with whom he has a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff has no interest that is antagonistic to the other Class Members. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and during the pendency of this Action will continue to incur, costs and attorneys' fees, that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

    d.   <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all Class Members is impractical.

    e.   <u>Public Policy Considerations</u>: Certification of this lawsuit as a class action will advance public policy objectives. Employers of this great state violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. However, class actions provide the Class Members who are not named in the complaint anonymity that allows for the vindication of their rights.

16.    There are common questions of law and fact as to the Class that <u>predominate</u> over questions affecting only individual members. The following common questions of law or fact, among others, exist as to the members of the Class:

    a.   Whether Defendants' failure to pay wages, without abatement, or reduction, in accordance with the California Labor Code was willful;

    b.   Whether Defendants had a corporate policy and practice of failing to pay Plaintiff and the other Class Members for all hours worked, and missed, short, late, or interrupted meal periods and rest breaks in violation of California law;

1  c.  Whether Defendants required Plaintiff and the other Class Members to work more
2      than eight (8) hours per day and/or more than forty (40) hours per week and failed
3      to pay the legally required overtime compensation to Plaintiff and the other Class
4      Members;
5  d.  Whether Defendants deprived Plaintiff and the other Class Members of meal
6      and/or rest periods or required Plaintiff and the other Class Members to work
7      during meal and/or rest periods without compensation;
8  e.  Whether Defendants failed to pay meal period premium wages to Class Members
9      when they were not provided with a legally compliant meal period;
10 f.  Whether Defendants failed to pay rest period premium wages to Class Members
11     when they were not authorized and permitted to take legally compliant rest
12     periods;
13 g.  Whether Defendants failed to pay minimum wages to Plaintiff and the other Class
14     Members for all hours worked;
15 h.  Whether Defendants failed to pay Plaintiff and the other Class Members the
16     required minimum wage pursuant to California law;
17 i.  Whether Defendants failed to pay Plaintiff and the other Class Members proper
18     overtime compensation pursuant to California law;
19 j.  Whether Defendants failed to pay all wages due to Plaintiff and the other Class
20     Members within the time required upon their discharge or resignation from
21     employment;
22 k.  Whether Defendants failed to pay accrued and unused vacation time in violation
23     of Labor Code section 227.3;
24 l.  Whether Defendants failed to timely pay all wages due to Plaintiff and the other
25     Class Members during their employment;
26 m.  Whether Defendants complied with wage reporting as required by the California
27     Labor Code, including section 226;
28

n.  Whether Defendants' conduct was with malice, fraud, or oppression;

o.  Whether Defendants' conduct was willful or reckless;

p.  Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code section 17200, *et seq*. based on their improper withholding of compensation and deduction of wages;

q.  The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

r.  Whether Plaintiff and the other Class Members are entitled to compensatory damages pursuant to the California Labor Code.

## GENERAL ALLEGATIONS

17.    Defendant CANNON COCHRAN MANAGEMENT SERVICES, INC. is a third-party claims administrator and staffing agency providing workers' compensation claims management services.

18.    Defendant AMERICAN ZURICH INSURANCE COMPANY is an insurance company providing workers' compensation insurance coverage and related services.

19.    Defendants employed Plaintiff to work as a workers' compensation claims specialist from approximately June 17, 2024 to approximately November 22, 2024.

20.    At all relevant times set forth herein, Defendants employed Plaintiff and the Class as salaried or exempt employees.

21.    Throughout the time period involved in this case, Defendants had the authority to hire and terminate Plaintiff and the Class; to directly or indirectly control work rules, working conditions, wages, working hours, and conditions of employment of Plaintiff and the Class; and to hire and terminate the employment of Plaintiff and the Class.

22.    At all times herein mentioned, Defendants were subject to the Labor Code of the State of California and the applicable Industrial Welfare Commission Orders.

23.    Plaintiff is informed and believes, and thereon alleges that Defendants engaged in an ongoing and systematic scheme of wage abuse against their hourly-paid or non-exempt

employees. As set forth in more detail below, this scheme involved, *inter alia*, regularly requiring Plaintiff and the Class to work off-the-clock without compensation, thereby failing to pay them for all hours worked, including minimum and overtime wages. Defendants also implemented time rounding practices that resulted in the systematic underpayment of wages to Plaintiff and the Class, including minimum and overtime wages. Defendants also implemented policies that prohibited Plaintiff and the Class from accurately recording the actual time worked, resulting in a failure to pay Plaintiff and the Class all wages owed. In addition, Defendants routinely failed to permit Plaintiff and the Class to take timely and duty-free meal periods and rest periods in violation of California law. Defendants also failed to pay wages owed for accrued vacation time upon termination of employment.

24.     Throughout the time period involved in this case, Defendants have implemented policies and practices which failed to provide Plaintiff and the Class with timely and duty-free meal periods. Defendants routinely failed to relieve Plaintiff and the Class of all duties during their meal periods, regularly failed to relinquish control over Plaintiff and the Class during their meal periods, regularly failed to permit Plaintiff and the Class a reasonable opportunity to take their meal periods, and regularly impeded or discouraged Plaintiff and the Class from taking thirty (30) minute uninterrupted meal breaks no later than the end of their fifth hour of work and/or from taking a second thirty (30) minute uninterrupted meal break no later than their tenth hour of work for shifts lasting more than ten (10) hours. Defendants also failed to maintain accurate records of meal periods taken by Plaintiff and the Class.

25.     Throughout the time period involved in this case, Defendants did not adequately inform Plaintiff and the Class of their right to take meal periods under California law. Moreover, Defendants systematically disregarded their own written policies regarding the provision and timing of meal periods for Plaintiff and the Class. Instead, Defendants' actual policy and practice was to schedule Plaintiff and the Class in a way that prohibited them from taking timely and duty-free meal periods, and to require Plaintiff and the Class to work through their meal periods, for which they were not compensated.

26.     Throughout the time period involved in this case, Defendants failed to pay Plaintiff and the Class premium wages for meal periods that were missed, late, interrupted, or shortened in violation of California law. Defendants knew or should have known that Plaintiff and the Class were entitled to receive all meal periods or payment of one additional hour of pay at their regular rate of pay when a meal period was missed, short, late, and/or interrupted. Notwithstanding this knowledge, Defendants routinely failed to provide legally compliant meal periods to Plaintiff and the Class, and routinely failed to pay one additional hour of pay to Plaintiff and the Class at their regular rate of pay when a meal period was missed, short, late, and/or interrupted.

27.     Throughout the time period involved in this case, Defendants have implemented policies and practices which prohibited Plaintiff and the Class from taking timely and duty-free rest periods. Defendants regularly failed to provide, authorize, and permit Plaintiff and the Class to take full, uninterrupted, off-duty rest periods for every shift lasting three and one-half (3.5) to six (6) hours and/or two full, uninterrupted, off-duty rest periods for every shift lasting six (6) to ten (10) hours, and failed to make a good faith effort to authorize, permit, and provide such rest breaks in the middle of each work period.

28.     Throughout the time period involved in this case, Defendants did not adequately inform Plaintiff and the Class of their right to take rest periods under California law. Moreover, Defendants systematically disregarded their own written policies regarding the provision and timing of rest periods for Plaintiff and the Class. Instead, Defendants' actual policy and practice was to schedule Plaintiff and the Class in a way that regularly prohibited them from taking timely and duty-free rest periods, and to regularly require Plaintiff and the Class to work through their rest periods.

29.     Throughout the time period involved in this case, Defendants failed to pay Plaintiff and the Class premium wages for rest periods that were missed, late, interrupted, or shortened in violation of California law. Defendants knew or should have known that Plaintiff and the Class were entitled to receive all rest periods or payment of one additional hour of pay at their regular rate of pay when a rest period was missed, short, late, and/or interrupted. Notwithstanding this

knowledge, Defendants routinely failed to authorize and permit Plaintiff and the Class to take duty-free rest periods, and failed to pay one additional hour of pay to Plaintiff and the Class at their regular rate of pay when a rest period was missed, short, late, and/or interrupted.

30. Throughout the time period involved in this case, Defendants regularly required Plaintiff and the Class to perform work off-the-clock. Although Defendants prohibited overtime, Defendants still regularly required that Plaintiff and the Class complete all of their assigned duties. To do so, Plaintiff and the Class were regularly required to perform work off-the-clock for which they were not compensated.

31. Throughout the time period involved in this case, Defendants employed a time rounding policy that was not neutral and designed to consistently round time in Defendants' favor, ensuring that Plaintiff and the Class were oftentimes not paid for all time worked.

32. Throughout the time period involved in this case, Defendants implemented policies that prohibited Plaintiff and the Class from accurately recording the actual time worked, resulting in a failure to pay Plaintiff and the Class all wages owed.

33. Throughout the time period involved in this case, Plaintiff and the Class worked more than eight (8) hours in a day, and/or forty (40) hours in a week.

34. Throughout the time period involved in this case, Defendants regularly failed to pay all overtime compensation owed to Plaintiff and the Class when they worked in excess of eight (8) hours in a single workday and/or forty (40) hours in a single work week, or in excess of twelve (12) hours in a single workday and/or eighty (80) hours in a single work week. Defendants knew or should have known that Plaintiff and the Class were entitled to receive certain wages for overtime compensation and that they were not receiving wages for overtime compensation.

35. Throughout the time period involved in this case, Defendants failed to pay overtime to Plaintiff and the Class for all overtime hours worked based on regular rates of pay correctly calculated to include all applicable remuneration.

36. Throughout the time period involved in this case, Defendants regularly failed to pay Plaintiff and the Class at least minimum wages for all hours worked. Defendants knew or

should have known that Plaintiff and the Class were entitled to receive at least minimum wages for all hours worked and that they were not receiving at least minimum wages for all hours worked. Defendants' failure to pay minimum wages included, *inter alia*, failing to pay Plaintiff and the Class at the required minimum wage pursuant to California law, requiring Plaintiff and the Class to perform work off-the-clock, implementing time rounding policies that resulted in the systematic underpayment of wages to Plaintiff and the Class.

37.     Throughout the time period involved in this case, Defendants regularly failed to pay Plaintiff and the Class all wages owed to them upon discharge or resignation. Defendants knew or should have known that Plaintiff and the Class were entitled to receive all wages owed to them upon termination within the time permissible under California Labor Code section 202. Plaintiff and the Class did not receive payment of all final wages owed to them upon discharge or resignation, including overtime compensation and minimum wages within any time permissible under California Labor Code section 202.

38.     Throughout the time period involved in this case, Defendants regularly failed to pay Plaintiff and the Class all wages within any time permissible under California law, including, *inter alia*, California Labor Code section 204. Defendants knew or should have known that Plaintiff and the Class were entitled to receive all wages owed to them during their employment. Plaintiff and the Class did not receive payment of all wages, including overtime compensation, minimum wages, meal and rest period premiums, and vested by unused vacation time.

39.     Throughout the time period involved in this case, Defendants regularly failed to provide complete or accurate wage statements to Plaintiff and the Class. Defendants knew or should have known that Plaintiff and the Class were entitled to receive complete and accurate wage statements in accordance with California law, but, in fact, they did not receive complete and accurate wage statements from Defendants. The deficiencies included, *inter alia*, the failure to include the total number of hours worked, the actual gross wages earned, and the correct rates of pay.

40.     Throughout the time period involved in this case, Defendants regularly failed to

keep complete or accurate payroll records for Plaintiff and the Class. Defendants knew or should have known that Defendants were required to keep complete and accurate payroll records for Plaintiff and the Class in accordance with California law, but, in fact, did not keep complete and accurate payroll records.

41.     Throughout the time period involved in this case, Defendants regularly failed to maintain accurate records relating to Plaintiff's, the Class's work periods, meal periods, total daily hours, hours per pay period, and applicable pay rates.

42.     Throughout the time period involved in this case, Defendants regularly failed to pay Plaintiff and the Class for vested but unused vacation time. Defendants knew or should have known that Plaintiff, the Class, and Aggrieved Employees were entitled to receive all wages owed to them upon termination, including vested and unused vacation time. Plaintiff, the Class, and Aggrieved Employees did not receive payment of all final wages owed to them upon discharge or resignation, including vested and unused vacation time.

43.     Throughout the time period involved in this case, Defendants knew or should have known that they had a duty to compensate Plaintiff and the Class pursuant to California law. Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and the Class that they paid all wages owed to them, all in order to increase Defendants' profits.

44.     California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly ... for any wages or penalty due to him [or her] under this article."

## **FIRST CAUSE OF ACTION**

### **(Violation of California Labor Code §§ 510 and 1198)**

### **(Against All Defendants)**

45.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

46.     California Labor Code section 1198 and the applicable Industrial Welfare

Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

47.     Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and the other Class Members employed by Defendants, and working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

48.     The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and the Class overtime compensation at a rate of two times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day and for all hours worked in excess of eight (8) hours on the seventh day of work in a workweek.

49.     California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and no overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

50.     During the relevant time period, Plaintiff and the other Class Members regularly worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week.

51.     During the relevant time period, Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiff and the other Class Members.

52.     Defendants' failure to pay Plaintiff and the other Class Members the unpaid balance of overtime compensation, as required by California laws, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

53.     Pursuant to California Labor Code section 1194, Plaintiff and the other Class Members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

## SECOND CAUSE OF ACTION

### (Violation of California Labor Code §§ 226.7 and 512(a))

### (Against All Defendants)

54.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

55.     At all relevant times, the relevant IWC Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiff and the other Class Members' employment by Defendants.

56.     At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by an applicable order of the California IWC.

57.     At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

58.     At all relevant times, California Labor Code section 512(a) further provides that an employer may not require, cause or permit an employee to work for a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

59.     During the relevant time period, Plaintiff and the other Class Members who were scheduled to work for a period of time longer than six (6) hours, and who did not waive their legally mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes.

60.     During the relevant time period, Plaintiff and the other Class Members who were scheduled to work for a period of time in excess of ten (10) hours were required to work for periods longer than ten (10) hours without a second uninterrupted meal period of not less than thirty (30) minutes.

61.     During the relevant time period, Defendants intentionally and willfully required Plaintiff and the other Class Members to miss their meal periods and to take meal periods that were late, shortened, or interrupted, and failed to compensate Plaintiff and the other Class Members the full meal period premium for missed, shortened, late, or interrupted meal periods.

62.     During the relevant time period, Defendants failed to pay Plaintiff and the other Class Members the full meal period premiums due pursuant to California Labor Code section 226.7.

63.     Defendants' conduct violates the applicable IWC Wage Order and California Labor Code sections 226.7 and 512(a).

64.     Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiff and the other Class Members are entitled to recover from Defendants one additional hour of pay at the employee's regular rate of compensation for each workday that the meal period was not provided.

## THIRD CAUSE OF ACTION

### (Violation of California Labor Code § 226.7)

### (Against All Defendants)

65.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

66.     At all times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiff's and the other Class Members' employment by Defendants.

67.     At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable

order of the California IWC.

68.    At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof unless the total daily work time is less than three and one-half (3.5) hours."

69.    During the relevant time period, Defendants required Plaintiff and other Class Members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

70.    During the relevant time period, Defendants willfully required Plaintiff and the other Class Members to work during rest periods, failed to allow Plaintiff and the other Class Member to take any rest period and/or failed to authorize and permit Plaintiff and the other Class Members to take uninterrupted, duty-free rest breaks.

71.    During the relevant time period, Defendants failed to pay Plaintiff and the other Class Members the full rest period premium due pursuant to California Labor Code section 226.7 for work performed during rest periods, and/or for failure to authorize and permit Plaintiff and other Class Members from taking uninterrupted rest periods.

72.    Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

73.    Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(b), Plaintiff and the other Class Members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each workday that the rest period was not provided.

///

///

**FOURTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 1194, 1197, and 1197.1)**

**(Against All Defendants)**

74.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

75.    At all relevant times, California Labor Code sections 1194, 1197, and 1197.1 provide that the minimum wage to be paid to employees and the payment of a lesser wage than the minimum so fixed is unlawful.

76.    During the relevant time period, Defendants regularly failed to pay minimum wage to Plaintiff and the other Class Members as required pursuant to California Labor Code sections 1194, 1197, and 1197.1.

77.    Defendants' failure to pay Plaintiff and the other Class Members the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1. Pursuant to those sections, Plaintiff and the other Class Members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorneys' fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

78.    Pursuant to California Labor Code section 1194.2, Plaintiff and the other Class Members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

**FIFTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 201, 202, 203)**

**(Against All Defendants)**

79.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

80.    At all relevant times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his

or her wages shall become due and payable not later seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours' notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

81.      During the relevant time period, the employment of Plaintiff and many other Class Members with Defendants ended, *i.e.* was terminated by quitting or discharge. Defendants intentionally and willfully failed to pay Plaintiff and other Class Members who are no longer employed by Defendants all of their wages, earned and unpaid, including but not limited to minimum wages, straight time wages, overtime wages, and vested but unused vacation time, within seventy-two (72) hours of their leaving Defendants' employ.

82.      Defendants' failure to pay Plaintiff and other Class Members who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

83.      California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

84.      Plaintiff and other Class Members who are no longer employed by Defendants are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

## SIXTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 204 and 210)

### (Against All Defendants)

85.      Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

86.      At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 1st and 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable

between the 16th and 26th day of the month during which the labor was performed.

87.     At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.

88.     At all times herein set forth, California Labor Code section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

89.     During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and other Class Members all wages due to them, within any time period permissible under California Labor Code section 204.

90.     Plaintiff and other Class Members are entitled to recover all available remedies for Defendants' violations of California Labor Code section 204, including statutory penalties pursuant to Labor Code section 210(b).

### SEVENTH CAUSE OF ACTION

**(Violation of California Labor Code § 226(a))**

**(Against All Defendants)**

91.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

92.     At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all

applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

93. Defendants have intentionally and willfully failed to provide Plaintiff and the Class with complete and accurate wage statements. The deficiencies include, but are not limited to, the failure list the total number of hours worked, the actual gross wages earned, and the correct rates of pay.

94. Because of Defendants' violation of California Labor Code section 226(a), Plaintiff and the Class have suffered injury and damage to their statutorily protected rights.

95. More specifically, Plaintiff and the Class have been injured by Defendants' intentional and willful violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate and itemized wage statements pursuant to California Labor Code section 226(a).

96. Plaintiff and the Class are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

97. Plaintiff and the Class are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(g).

## **EIGHTH CAUSE OF ACTION**

### **(Violation of California Labor Code § 227.3)**

### **(Against All Defendants)**

98. Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

99. California Labor Code § 227.3 affirms "whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken

off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served."

100.    Defendants' failure to pay Class Members unused and accrued vested vacation time at the time of the Class Members' separation from employment with Defendants violates Labor Code § 227.3.

101.    As a direct and proximate result of Defendants' conduct, Plaintiff and similarly situated Class Members have suffered substantial losses according to proof, as well as pre-judgment interest, costs, and attorneys' fees pursuant to statute and applicable law.

<u>**NINTH CAUSE OF ACTION**</u>

**(Violation of Cal. Business & Professions Code §§ 17200, et seq.)**

**(Against All Defendants)**

102.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

103.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff and the Class, to the general public, and Defendants' competitors. Accordingly, Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

104.    Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, *et seq.*

105.    A violation of California Business & Professions Code section 17200, *et seq*. may be predicated on the violation of any state or federal law. In this instant case, Defendants' policies and practices of requiring employees, including Plaintiff and the Class, to work overtime without paying them proper compensation violate California Labor Code sections 510 and 1198. Additionally, Defendants' policies and practices of requiring employees, including Plaintiff and the Class, to work through their meal and rest periods without paying them proper compensation

violate California Labor Code sections 226.7 and 512(a). Moreover, Defendants' policies and practices of failing to timely pay wages to Plaintiff and the Class violate California Labor Code sections 201, 202, 203, and 204.

106.    Defendants also violated California Labor Code sections 221, 226(a), 510, 1174(d), 1194, 1197, 1197.1, and 227.3.

107.    As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

108.    Plaintiff and the Class have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

109.    Pursuant to California Business & Professions Code sections 17200, *et seq.*, Plaintiff and the Class are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this Complaint; an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all other members of the general public similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

### **Class Certification**

1.    That this Action be certified as a class action;

2.    That Plaintiff be appointed as the representative of the Class;

3.    That counsel for Plaintiff be appointed as Class Counsel; and

4.    That Defendants provide to Class Counsel immediately the names and most current/last known contact information (address, e-mail, and telephone numbers) of all Class Members.

**As to the First Cause of Action**

5.      That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiff and other Class Members;

6.      For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

7.      For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

8.      For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194; and

9.      For such other and further relief as the Court may deem just and proper.

**As to the Second Cause of Action**

10.      That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide all meal periods (including second meal periods) to Plaintiff and the Class;

11.      That the Court make an award to Plaintiff and the Class of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

12.      For all actual, consequential, and incidental losses and damages, according to proof;

13.      For premium wages pursuant to California Labor Code section 226.7;

14.      For pre-judgment interest on any unpaid wages from the date such amounts were due;

15.      For reasonable attorneys' fees and costs of suit incurred herein; and

16.      For such other and further relief as the Court may deem just and proper.

**As to the Third Cause of Action**

17.      That the Court declare, adjudge, and decree that Defendants violated California

Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiff and the Class;

18.    That the Court make an award to Plaintiff and the Class of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

19.    For all actual, consequential, and incidental losses and damages, according to proof;

20.    For premium wages pursuant to California Labor Code section 226.7;

21.    For pre-judgment interest on any unpaid wages from the date such amounts were due; and

22.    For such other and further relief as the Court may deem just and proper.

### As to the Fourth Cause of Action

23.    That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to Plaintiff and the Class;

24.    For general unpaid wages and such general and special damages as may be appropriate;

25.    For statutory wage penalties pursuant to California Labor Code section 1197.1 for Plaintiff and the Class in the amount as may be established according to proof at trial;

26.    For pre-judgment interest on any unpaid compensation from the date such amounts were due;

27.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a);

28.    For liquidated damages pursuant to California Labor Code section 1194.2; and

29.    For such other and further relief as the Court may deem just and proper.

### As to the Fifth Cause of Action

30.    That the Court declare, adjudge, and decree that Defendants violated California

Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiff and other Class Members no longer employed by Defendants;

31.    For all actual, consequential, and incidental losses and damages, according to proof;

32.    For statutory wage penalties pursuant to California Labor Code section 203 for Plaintiff and other Class Members who have left Defendants' employ;

33.    For pre-judgment interest on any unpaid compensation from the date such amounts were due; and

34.    For such other and further relief as the Court may deem just and proper.

### As to the Sixth Cause of Action

35.    That the Court declare, adjudge, and decree that Defendants violated California Labor Code section 204 by willfully failing to pay all compensation owed at the time required by California Labor Code section 204 to Plaintiff and the Class;

36.    For statutory penalties pursuant to California Labor Code section 210; and

37.    For such other and further relief as the Court deems just and proper.

### As to the Seventh Cause of Action

38.    That the Court declare, adjudge, and decree that Defendants violated the record keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiff and the Class, and willfully failed to provide accurate itemized wage statements thereto;

39.    For actual, consequential and incidental losses and damages, according to proof;

40.    For statutory penalties pursuant to California Labor Code section 226(e); and

41.    For such other and further relief as the Court may deem just and proper.

### As to the Eighth Cause of Action

42.    That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 227.3, 201, 202, and 203 by failing to pay Plaintiff and the other class

members for all vested and unpaid vacation wages;

43.    For vested unpaid vacation wages and penalties according to proof;

44.    For all interest on wages owed;

45.    For all reasonably attorneys' fees and costs recoverable by law; and

46.    For such other and further relief as the Court may deem just and proper.

**As to the Ninth Cause of Action**

47.    That the Court declare, adjudge, and decree that Defendants violated California Business and Professions Code sections 17200, *et seq.* by failing to provide Plaintiff and the Class all overtime compensation due to them, failing to provide all meal and rest periods to Plaintiff and the Class, failing to pay at least minimum wages to Plaintiff and the Class, failing to pay Plaintiff's and other Class Members' wages timely as required by California Labor Code section 201, 202, and 204 and by violating California Labor Code sections 226(a), 227.3, and 1174(d);

48.    For restitution of unpaid wages to Plaintiff and the Class and all pre-judgment interest from the day such amounts were due and payable;

49.    For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violation of California Business and Professions Code sections 17200, *et seq.*;

50.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

51.    For injunctive relief to ensure compliance with this section, pursuant to California Business and Professions Code sections 17200, *et seq.*; and

52.    For such other and further relief as the Court may deem just and proper.

///

///

1

2 Dated: February 7, 2025                    **PROTECTION LAW GROUP, LLP**

3

4                                    By: _____

5                                        Brendan J. Burton
                                         Shadi Sahebghalam
6                                        *Attorneys for* Plaintiff
                                         JOSEPH CHRISTOPHER BARBOUR
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury as to all causes of action triable by a jury.


Dated: February 7, 2025                    **PROTECTION LAW GROUP, LLP**

By: _____
Brendan J. Burton
Shadi Sahebghalam
*Attorneys for* Plaintiff
JOSEPH CHRISTOPHER BARBOUR

**CM-010**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Brendan J. Burton (323495); Shadi Sahebghalam (343403)<br>PROTECTION LAW GROUP, LLP; 149 Sheldon Street, El Segundo, CA 90245<br><br>TELEPHONE NO.: (424) 290-3095      FAX NO.: (866) 264-7880<br>EMAIL ADDRESS: brendan@protectionlawgroup.com; shadi@protectionlawgroup.com<br>ATTORNEY FOR *(Name):* Plaintiff, JOSEPH CHRISTOPHER BARBOUR | **FOR COURT USE ONLY** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** CONTRA COSTA
STREET ADDRESS: 725 Court Street
MAILING ADDRESS:
CITY AND ZIP CODE: Martinez 94553
BRANCH NAME: Wakefield Taylor Courthouse

**CASE NAME:**
Joseph Christopher Barbour v. Cannon Cochran Management Services, Inc., et al.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER:<br>C25-00410 |
|---|---|---|---|
| [x] **Unlimited**<br>(Amount<br>demanded<br>exceeds $35,000) | [ ] **Limited**<br>(Amount<br>demanded is<br>$35,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Construction defect (10) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [x] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* Nine (9)
5. This case [x] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 10, 2025

Brendan J. Burton
_____
(TYPE OR PRINT NAME)

► *(signature)*
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                     **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

## Superior Court of California, Contra Costa County

CV - Martinez-Wakefield Taylor Courthouse
725 Court Street
Martinez CA  94553
925-608-1000
www.cc-courts.org



K. Bieker
Court Executive Officer

| CASE NAME:<br>JOSEPH BARBOUR VS. CANNON COCHRAN MANAGEMENT SERVICES, INC., A DELAWARE CORPORATION | CASE NUMBER:<br>C25-00410 |
|---|---|

**NOTICE OF ASSIGNMENT TO  DEPARTMENT 39 FOR CASE MANAGEMENT DETERMINATION**

THIS FORM, A COPY OF THE NOTICE TO DEFENDANTS, THE ADR INFORMATION SHEET, AND A BLANK CASE MANAGEMENT STATEMENT ARE TO BE SERVED UPON ALL OPPOSING PARTIES, ALL PARTIES SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT.

1. THIS MATTER HAS BEEN ASSIGNED TO Department 39, Judge EDWARD G WEIL PRESIDING, FOR ALL PURPOSES; DEPARTMENT 39 IS DESIGNATED AS THE COMPLEX LITIGATION DEPARTMENT OF THE COURT AND AS SUCH (a) HEARS ALL CASES WHEREIN A DESIGNATION OF COMPLEX CASE HAS BEEN MADE AND (b) CONDUCTS HEARINGS, IN CASES THAT THIS COURT DETERMINES, ON A PRELIMINARY BASIS MAY BE COMPLEX, TO DETERMINE WHETHER THE CASE SHOULD REMAIN IN THE COMPLEX LITIGATION PROGRAM.
2. ALL COUNSEL ARE REQUIRED TO APPEAR IN DEPARTMENT 39 ON 06/16/2025 AT 8:30 AM
   a) IF THE CASE HAS BEEN DESIGNATED AS COMPLEX, AND NO COUNTER DESIGNATION HAS BEEN FILED, THE COURT WILL HOLD ITS FIRST CASE MANAGEMENT CONFERENCE AT THAT TIME.
   b) IF THE CASE HAS BEEN ASSIGNED TO DEPARTMENT 39 ON A PRELIMINARY BASIS THE COURT WILL HOLD A HEARING TO DETERMINE IF THE MATTER IS, OR IS NOT, COMPLEX. IF THE MATTER IS DETERMINED TO BE COMPLEX, THE COURT WILL THEN PROCEED WITH THE FIRST CASE MANAGEMENT CONFERENCE.
3. EACH PARTY SHALL FILE AND SERVE A CASE MANAGEMENT CONFERENCE STATEMENT FIVE (5) DAYS BEFORE THIS HEARING AND BE PREPARED TO PARTICIPATE EFFECTIVELY IN THE CONFERENCE, INCLUDING BEING THOROUGHLY FAMILIAR WITH THE CASE AND ABLE TO DISCUSS THE SUITABILITY OF THE CASE FOR PRIVATE MEDIATION, ARBITRATION OR THE USE OF A SPECIAL MASTER OR REFEREE.
4. PRIOR TO THE CONFERENCE COUNSEL FOR PLAINTIFF SHALL MEET AND CONFER WITH COUNSEL FOR EACH OTHER PARTY IN AN EFFORT TO PRECISELY DEFINE THE ISSUES IN THE CASE, DISCUSS THE POSSIBILITY OF EARLY MEDIATION, THE IDENTITIES OF POSSIBLE OTHER PARTIES, AND THEIR RESPECTIVE PLANS FOR DISCOVERY.
5. UNTIL THE TIME OF THE CONFERENCE THE FOLLOWING INTERIM ORDERS SHALL BE IN EFFECT:
   a) PLAINTIFF SHALL DILIGENTLY PROCEED IN LOCATING AND SERVING EACH AND EVERY DEFENDANT. IT IS THE COURT'S INTENTION THAT EACH PARTY BE SERVED IN SUFFICIENT TIME TO HAVE ENTERED AN APPEARANCE WITHIN THE TIME ALLOWED BY LAW AND TO ATTEND THE FIRST CONFERENCE.
   b) ALL DISCOVERY SHALL BE STAYED EXCEPTING AS ALL PARTIES TO THE ACTION MIGHT OTHERWISE STIPULATE OR THE COURT OTHERWISE ORDER.
   c) NO PARTY SHALL DESTROY ANY WRITING OR OTHER EVIDENCE IN ITS POSSESSION OR UNDER ITS CONTROL WHICH BEARS IN ANY WAY UPON THE MATTERS WHICH ARE THE SUBJECT OF THIS LITIGATION.
   d) WITHIN THE TIME FOR ANY PARTY TO FILE AN ANSWER OR DEMURRER SUCH PARTY MAY ALTERNATIVELY FILE A NOTICE OF GENERAL APPEARANCE. IN SUCH EVENT THE TIME FOR FILING OF AN ANSWER OR DEMURRER SHALL BE EXTENDED TO TWENTY (20) DAYS FOLLOWING THE FIRST CONFERENCE UNLESS THE COURT SHALL, AT THAT TIME, SET A DIFFERENT SCHEDULE.
   e) COUNSEL FOR EACH PARTY SHALL DO A CONFLICT CHECK TO DETERMINE WHETHER SUCH COUNSEL MIGHT HAVE A POSSIBLE CONFLICT OF INTEREST AS TO ANY PRESENT OR CONTEMPLATED FUTURE PARTY.

BY ORDER OF THE COURT

## Superior Court of California, Contra Costa County

CV - Martinez-Wakefield Taylor Courthouse
725 Court Street
Martinez CA  94553
925-608-1000
www.cc-courts.org



K. Bieker
Court Executive Officer

**SUPERIOR COURT OF CALIFORNIA, CONTRA COSTA COUNTY**

I DECLARE UNDER PENALTY OF PERJURY THAT I AM NOT A PARTY TO THE WITHIN ACTION OR PROCEEDING; THAT ON THE DATE
BELOW INDICATED, I SERVED A COPY OF THE FOREGOING NOTICE BY DEPOSITING SAID COPY ENCLOSED IN A SEALED
ENVELOPE WITH POSTAGE THEREON FULLY PREPAID IN THE UNITED STATES MAIL AT MARTINEZ, CA AS INDICATED ABOVE.

DATE:      2/19/2025

BY:     C.  JACALA DEPUTY CLERK

NOTICE OF HEARING HAS BEEN PRINTED FOR THE FOLLOWING ATTORNEYS/FIRMS OR PARTIES FOR
CASE NUMBER: C25-00410 ON 2/19/2025:

BRENDAN J BURTON
149 SHELDON ST
EL SEGUNDO CA  90245

1  BRENDAN J. BURTON, SBN 323495
   brendan@protectionlawgroup.com
2  SHADI SAHEBGHALAM, SBN 343403
   shadi@protectionlawgroup.com
3  **PROTECTION LAW GROUP, LLP**
   149 Sheldon Street
4  El Segundo, California 90245
   Tel.: (424) 290-3095 / Fax: (866) 264-7880
5
6  *Attorneys for* Plaintiff
   JOSEPH CHRISTOPHER BARBOUR
7
8           SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                    COUNTY OF CONTRA COSTA
10

| | |
|---|---|
| JOSEPH CHRISTOPHER BARBOUR, individually and on behalf of others similarly situated, | Case No.: |
| Plaintiff, | |
| vs. | **PLAINTIFF JOSEPH CHRISTOPHER BARBOUR'S NOTICE OF POSTING JURY FEES** |
| CANNON COCHRAN MANAGEMENT SERVICES, INC., a Delaware corporation; AMERICAN ZURICH INSURANCE COMPANY, an Illinois corporation; and DOES 1 through 50, inclusive, | |
| Defendants. | |

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2 **TO ABOVE-ENTITLED COURT, THE CLERK THEREOF, AND TO ALL PARTIES**

3 **AND THEIR COUNSEL OF RECORD:**

4      **NOTICE IS HEREBY GIVEN** that Plaintiff JOSEPH CHRISTOPHER BARBOUR,

5 individually and on behalf of others similarly situated, hereby deposits jury fees in the above-

6 captioned case in the amount of One Hundred Fifty Dollars ($150.00) pursuant to Code of Civil

7 Procedure Section 631(b).

8

9

10 Dated: February 10, 2025           **PROTECTION LAW GROUP, LLP**

11

12                By: _____

13                    Brendan J. Burton
                   Shadi Sahebghalam

14                    *Attorneys for* Plaintiff
                   JOSEPH CHRISTOPHER BARBOUR

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Jeffrey M. Cohon (California State Bar No. 131431)
Peter E. Garrell (California State Bar No. 155177)
Gabriela S. Gershfeld (California State Bar No. 327816)
**GARRELL COHON KENNEDY, LLP**
550 S. Hope Street, Suite 460
Los Angeles, California 90071
Tel: (213) 647-0730 ǁ Fax: (213) 647-0732
Email: jcohon@gckllp.com
Email: pgarrell@gckllp.com
Email: ggershfeld@gckllp.com

*Attorneys for Defendants*
CANNON COCHRAN MANAGEMENT SERVICES, INC.
and AMERICAN ZURICH INSURANCE COMPANY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF CONTRA COSTA

| | |
|---|---|
| JOSEPH CHRISTOPHER BARBOUR, individually and on behalf of others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> CANNON COCHRAN MANAGEMENT SERVICES, INC., a Delaware corporation; AMERICAN ZURICH INSURANCE COMPANY, an Illinois corporation; and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No. C25-00410 <br><br> **CLASS ACTION** <br><br> *Assigned for all purposes to the Honorable Edward G. Weil – Department 39* <br><br> **ANSWER OF DEFENDANTS CANNON COCHRAN MANAGEMENT SERICES, INC. AND AMERICAN ZURICH INSURANCE COMPANY TO PLAINTIFF JOSEPH CHRISTOPHER BARBOUR'S COMPLAINT** |

Defendants CANNON COCHRAN MANAGEMENT SERVICES, INC. and AMERICAN ZURICH INSURANCE COMPANY ("Defendants"), for themselves alone, answers and otherwise responds to the unverified Complaint of Plaintiff JOSEPH CHRISTOPHER BARBOUR ("Plaintiff") as follows:

Pursuant to the provisions of California *Code of Civil Procedure*, Section 431.30(d), Defendants deny generally and specifically each and every allegation of the Complaint, and the whole thereof, including each and every purported cause of action contained therein.

Further answering the Complaint, Defendants deny that Plaintiff has sustained or will sustain any injury, damage, or loss by reason of any act or omission on the part of Defendants or their agents.

**FIRST AFFIRMATIVE DEFENSE**

The allegations of the Complaint, and each and every purported cause of action contained therein, fail to allege facts sufficient to state a cause of action against Defendants.

**SECOND AFFIRMATIVE DEFENSE**

The Complaint, and each and every alleged cause of action contained therein, is barred by each and every applicable statute of limitations, including, but not limited to, California *Code of Civil Procedure* Sections 204, 335.1, 337 subd. (1), 338, 339 subd. (1), 340, 340(a) and 343.

**THIRD AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense to the Complaint, and to each cause of action contained therein, Defendants allege that each purported cause of action alleged is uncertain.

**FOURTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense to the Complaint, and to each cause of action contained therein, Defendants allege that Plaintiff is not entitled to penalties.

**FIFTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense to the Complaint and to each cause of action contained therein, Defendants allege that Plaintiff has not suffered an injury in fact and/or lost money or property as a result of any alleged conduct.

**SIXTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense to the Complaint and to each cause of action contained therein, Defendants allege that Plaintiff's claims are barred or must be reduced by the doctrine of laches.

**SEVENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense to the Complaint and to each cause of action contained therein, Defendants allege that Plaintiff has failed to make reasonable efforts to mitigate the alleged damages he claims to have suffered.

/ / /

1

### EIGHTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense to the Complaint and to each cause of action contained therein, Defendants allege that Defendants' actions with respect to the subject matters alleged in the Complaint were undertaken in good faith, in the absence of intent to injure Plaintiff, constituted lawful, proper acts and/or were privileged pursuant to California law.

### NINTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense to the Complaint and to each cause of action contained therein, Defendants allege that Plaintiff's claims are barred or limited based on judicial estoppel and inconsistent positions taken by Plaintiff.

### TENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense to the Complaint and to each cause of action contained therein, Defendants allege that without conceding that any act of Defendants caused damage to the Plaintiff or any other person in any respect, Defendants are entitled to offset and recoup against any judgment that may be entered for the Plaintiff for all obligations of the Plaintiff owing to Defendants.

### ELEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense to the Complaint and to each cause of action contained therein, Defendants allege that as a result of the acts and omissions in the matters relevant to this Complaint, Plaintiff has unclean hands and is therefore barred from asserting any claims against Defendants.

### TWELFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense to the Complaint and to each cause of action contained therein, Defendants allege that Plaintiff's claims are barred or must be reduced by the doctrine of consent.

### THIRTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense to the Complaint and to each cause of action contained therein, Defendants allege that Plaintiff's claims are barred or must be reduced by the doctrine of waiver.

1

## FOURTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense to the Complaint and to each cause of action contained therein, Defendants allege that Plaintiff's claims are barred or must be reduced by the doctrine of estoppel.

## FIFTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense to the Complaint, and to each cause of action contained therein, Defendants allege that the after-acquired evidence bars and/or limits the amount of damages Plaintiff can recover on his claims, if any.

## SIXTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense to the Complaint and to each cause of action contained therein, Defendants allege that public policy considerations bar the claims in Plaintiff's Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense to the Complaint and to each cause of action contained therein, Defendants allege that Plaintiff's claims are barred or must be reduced by the doctrine of avoidable consequences.

## EIGHTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense to the Complaint and to each cause of action contained therein, Defendants allege that Complainant is not an adequate class representative.

## NINETEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense to the Complaint and to each cause of action contained therein, Defendants allege that the Complaint fails to properly state a claim for attorney's fees.

## TWENTIETH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense to the Complaint and to each cause of action contained therein, Defendants allege that the Complaint fails to properly state a claim for injunctive relief.

/ / /

### TWENTY-FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense to the Complaint and to each cause of action contained therein, Defendants allege that Plaintiff is not entitled to equitable relief as he has an adequate remedy at law.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense to the Complaint and to each cause of action contained therein, Plaintiff's claims are barred by the doctrine of res judicata and/or collateral estoppel.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense to the Complaint and to each cause of action contained therein, Defendants allege that Plaintiff is exempt from California state laws and regulations pertaining to the payment of overtime wages.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense to the Complaint and to each cause of action contained therein, Defendants allege that Plaintiff is exempt from California state laws and regulations requiring employers to furnish meal periods.

/ / /

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense to the Complaint and to each cause of action contained therein, Defendants allege that Plaintiff is exempt from California state laws and regulations requiring employers to furnish paid rest periods.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense to the Complaint and to each cause of action contained therein, Defendants allege that Plaintiff was timely paid all wages, but in any event, Plaintiff is not entitled to waiting time penalties under California Labor Code section 203, as any alleged failure to pay wages allegedly due Plaintiff in a timely manner was not harmful, deliberate or willful within the meaning of the statute.

/ / /

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense to the Complaint and to each cause of action contained therein, Defendants allege that Plaintiff has not suffered an injury in fact and/or lost money or property as a result of any alleged unlawful business practices or the manner in which Defendants provided Plaintiff with wage statements or maintained wage statements.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense to the Complaint and to each cause of action contained therein, Defendants allege that the exceptions to California Labor Code Section 226 set forth in California Labor Code Section 226 (j) apply.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense to the Complaint and to each cause of action contained therein, Defendants allege that to the extent Plaintiff seeks statutory penalties for alleged willful failure to comply with the requirements of the California Labor Code, such penalties are barred or must be reduced because Defendants did not willfully, knowingly, and intentionally violate the requirements of California Labor Code Section 226(a) or any other Labor Code Section.

## THIRTIETH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense to the Complaint and to each cause of action contained therein, Defendants allege that the Complaint and every cause of action set forth therein cannot be maintained because, without admitting any that violation took place, Defendants allege that any alleged violation of the California Labor Code or of a Wage Order of the Industrial Welfare Commission was an act or omission made in good faith, and that in any participation in such acts, Defendants had reasonable grounds for believing that the act or omission was not a violation of the California Labor Code or of a Wage Order of the Industrial Welfare Commission.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense to the Complaint and to each cause of action contained therein, Defendants allege that to the extent Plaintiff seeks to recover penalties, they are the equivalent of unlawful punitive damages and cannot be recovered.

/ / /

## THIRTY-SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense to the Complaint and to each cause of action contained therein, Defendants allege that Plaintiff has not suffered any losses and that Defendants have not been unjustly enriched as a result of any action or inaction by Defendants. Therefore, Plaintiff is not entitled to any restitution.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense to the Complaint, and to each cause of action contained therein, Defendants allege that they did not fail to provide meal periods or rest breaks pursuant to the Labor Code, applicable Wage Orders issued by the Industrial Welfare Commission, or any other basis.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense to the Complaint, and to each cause of action contained therein, Defendants allege that Plaintiff was not suffered or permitted to work during any time for which he was not paid the appropriate wage rate.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense to the Complaint, and to each cause of action contained therein, Defendants allege that, to the extent Plaintiff claims that he is entitled to pay for time they spent working or working overtime, such time was *de minimus*.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense to the Complaint, and to each cause of action contained therein, Defendants allege that Plaintiff lacks standing and suffered no damage to pursue a claim for unfair competition.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense to the Complaint and to each cause of action contained therein, Defendants state that Plaintiff is not a California employee.

///

///

///

1

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense to the Complaint and to each cause of action contained therein, Defendants state that they do not presently know all facts concerning the conduct of Plaintiff sufficient to state all affirmative defenses at this time. Defendants will seek leave of court to amend this Answer should it later discover facts demonstrating the existence of additional affirmative defenses.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for relief as follows:

1.      The Complaint be dismissed in its entirety with prejudice;

2.      Plaintiff takes nothing by way of her Complaint;

3.      Defendants be awarded judgment in its favor and against Plaintiff;

4.      Defendants be awarded its costs of suit and reasonable attorneys' fees incurred herein; and

5.      The Court grant Defendants such other and further relief as the Court deems appropriate and proper.

Dated: March 24, 2025                    **GARRELL COHON KENNEDY LLP**

By: _____

Jeffrey M. Cohon
Attorneys for Defendants CANNON COCHRAN MANAGEMENT SERVICES, INC. and AMERICAN ZURICH INSURANCE COMPANY

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 550 S. Hope Street, Suite 460, Los Angeles, California 90071.

On March 24, 2025, I served the within document(s) described as: **ANSWER OF DEFENDANTS CANNON COCHRAN MANAGEMENT SERICES, INC. AND AMERICAN ZURICH INSURANCE COMPANY TO PLAINTIFF JOSEPH CHRISTOPHER BARBOUR'S COMPLAINT** on the interested parties in this action as stated below:

*Attorneys for Plaintiff Joseph Christopher Barbour,*
*an individual and on behalf of himself and all others*
*similarly situated*

Brendan J. Burton
Email: brendan@protectionlawgroup.com
Shadi Sahebghalam
shadi@protectionlwgroup.com
**PROTECTION LAW GROUP, LLP**
149 Sheldon Street
El Segundo, California 90245
Telephone: 424 290-3095
Facsimile: 866 264-7880

■BY ELECTRONIC MAIL:  I caused said document(s) to be transmitted electronically to the email address(es) listed above.

BY MAIL:  By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth above.  I am readily familiar with this firm's practice for collection and processing of correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing contained in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 24, 2025, at Los Angeles, California.

| | |
|---|---|
| Kaitlyn Corral | /s/ *Kaitlyn Corral* |
| (Type or print name) | (Signature) |

# EXHIBIT D




BA20242245921



## STATE OF CALIFORNIA
*Office of the Secretary of State*
## STATEMENT OF INFORMATION CORPORATION

California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 657-5448

| For Office Use Only |
| --- |
| **-FILED-** |
| File No.: BA20242245921 |
| Date Filed: 12/22/2024 |

| Entity Details | |
| --- | --- |
| Corporation Name | CANNON COCHRAN MANAGEMENT SERVICES, INC. |
| Entity No. | 2405532 |
| Formed In | DELAWARE |

**Street Address of Principal Office of Corporation**

| | |
| --- | --- |
| Principal Address | 2 E MAIN ST. STE. 208<br>208<br>DANVILLE, IL 61832 |

**Mailing Address of Corporation**

| | |
| --- | --- |
| Mailing Address | 3510 NORTH CAUSEWAY BLVD, SUITE 400<br>METAIRIE, LA 70002 |
| Attention | Michael Cameron |

**Street Address of California Office of Corporation**

| | |
| --- | --- |
| Street Address of California Office | None |

**Officers**

| Officer Name | Officer Address | Position(s) |
| --- | --- | --- |
| GEORGE BRYAN THOMAS | 2 EAST MAIN STREET<br>DANVILLE, IL 61832 | Chief Executive Officer |
| Rodney Joseph Golden | 2 East Main Street<br>Danville, IL 61832 | Secretary |
| John Edward Kluth II | 2 East Main Street<br>Danville, IL 61832 | Chief Financial Officer |

**Additional Officers**

| Officer Name | Officer Address | Position | Stated Position |
| --- | --- | --- | --- |
| None Entered | | | |

**Directors**

| Director Name | Director Address |
| --- | --- |
| None Entered | |

The number of vacancies on Board of Directors is: 0

**Agent for Service of Process**

| | |
| --- | --- |
| California Registered Corporate Agent (1505) | C T CORPORATION SYSTEM<br>Registered Corporate 1505 Agent |

**Type of Business**

| | |
| --- | --- |
| Type of Business | Insurance Services |

**Email Notifications**

| | |
| --- | --- |
| Opt-in Email Notifications | Yes, I opt-in to receive entity notifications via email. |

**Labor Judgment**

B3288-9614 12/22/2024 10:44 PM Received by California Secretary of State

No Officer or Director of this Corporation has an outstanding final judgment issued by the Division of Labor Standards Enforcement or a court of law, for which no appeal therefrom is pending, for the violation of any wage order or provision of the Labor Code.

Electronic Signature

☒  By signing, I affirm that the information herein is true and correct and that I am authorized by California law to sign.

*Rodney J Golden*                                              *12/22/2024*

Signature                                                     Date

B3288-9615 12/22/2024 10:44 PM Received by California Secretary of State

EXHIBIT E



BA20250044016

B3327-7179 01/07/2025 11:31 AM Received by California Secretary of State



## STATE OF CALIFORNIA
*Office of the Secretary of State*
## STATEMENT OF INFORMATION
## CORPORATION

California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 657-5448

| For Office Use Only |
| --- |
| **-FILED-** |
| File No.: BA20250044016 |
| Date Filed: 1/7/2025 |

### Entity Details

| | |
| --- | --- |
| Corporation Name | AMERICAN ZURICH INSURANCE COMPANY |
| Entity No. | 1239016 |
| Formed In | ILLINOIS |

**Street Address of Principal Office of Corporation**

| | |
| --- | --- |
| Principal Address | 1299 ZURICH WAY<br>SCHAUMBURG, IL 60196 |

**Mailing Address of Corporation**

| | |
| --- | --- |
| Mailing Address | 1299 ZURICH WAY<br>SCHAUMBURG, IL 60196 |
| Attention | |

**Street Address of California Office of Corporation**

| | |
| --- | --- |
| Street Address of California Office | None |

### Officers

| Officer Name | Officer Address | Position(s) |
| --- | --- | --- |
| KRISTOF TERRYN | 1299 ZURICH WAY<br>SCHAUMBURG, IL 60196 | Chief Executive Officer |
| Laura Lazarczyk | 1299 Zurich Way<br>Schaumburg, IL 60196 | Secretary |
| ➕ James Bracken | 1299 ZURICH WAY<br>SCHAUMBURG, IL 60196 | Chief Financial Officer |

### Additional Officers

| Officer Name | Officer Address | Position | Stated Position |
| --- | --- | --- | --- |
| Barry Perkins | 1299 ZURICH WAY<br>SCHAUMBURG, IL 60196 | Vice President | |
| Aaron Beharelle | 1299 ZURICH WAY<br>SCHAUMBURG, IL 60196 | Vice President | |
| Heather Fox | FOUR WORLD TRADE CENTER<br>150 GREENWICH STREET<br>NEW YORK, NY 10007 | Vice President | |
| Paul Lavelle | 1299 ZURICH WAY<br>SCHAUMBURG, IL 60196 | Vice President | |
| Jason Meador | 1299 ZURICH WAY<br>SCHAUMBURG, IL 60196 | Vice President | |
| Keith Daly | 1299 ZURICH WAY<br>SCHAUMBURG, IL 60196 | Vice President | |
| ➕ Al Crook | 1299 ZURICH WAY<br>SCHAUMBURG, IL 60196 | Vice President | |
| ➕ Robert Daniel | 1299 ZURICH WAY<br>SCHAUMBURG, IL 60196 | Treasurer | |

**Directors**

| Director Name | Director Address |
|---|---|
| None Entered | |

The number of vacancies on Board of Directors is: 0

**Agent for Service of Process**

California Registered Corporate Agent (1505)    CSC - LAWYERS INCORPORATING SERVICE
Registered Corporate 1505 Agent

**Type of Business**

Type of Business    INSURANCE COMPANY

**Email Notifications**

Opt-in Email Notifications    Yes, I opt-in to receive entity notifications via email.

**Labor Judgment**

No Officer or Director of this Corporation has an outstanding final judgment issued by the Division of Labor Standards Enforcement or a court of law, for which no appeal therefrom is pending, for the violation of any wage order or provision of the Labor Code.

**Electronic Signature**

☒  By signing, I affirm that the information herein is true and correct and that I am authorized by California law to sign.

*Laura Lazarczyk*    *01/07/2025*
Signature    Date

B3327-7180 01/07/2025 11:31 AM Received by California Secretary of State

1

## PROOF OF SERVICE

2

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 550 S. Hope Street, Suite 460, Los

3

Angeles, California 90071.

4

     On March 24, 2025, I served the within document(s) described as: **NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT**   on the

5

interested parties in this action as stated below:

6

*Attorneys for Plaintiff Joseph Christopher Barbour,*

7

*an individual and on behalf of himself and all others*
*similarly situated*

8

Brendan J. Burton

9

Email: brendan@protectionlawgroup.com
Shadi Sahebghalam

10

Email:  shadi@protectionlwgroup.com
**PROTECTION LAW GROUP, LLP**

11

149 Sheldon Street
El Segundo, California 90245

12

Telephone: 424 290-3095
Facsimile: 866 264-7880

13

14

■BY ELECTRONIC MAIL:  I caused said document(s) to be transmitted electronically to the email address(es) listed above.

15

16

BY MAIL:  By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth above.  I am readily familiar with this firm's practice for collection

17

and processing of correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the

18

ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing contained in affidavit.

19

     I declare under penalty of perjury under the laws of the State of California that the

20

foregoing is true and correct.

21

     Executed on March 24, 2025, at Los Angeles, California.

22

23

| Shea Nelson | /s/ *Shea Nelson* |
|---|---|
| (Type or print name) | (Signature) |

24

25

26

27

28